UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. BULLOCK,
#797029,

       Petitioner,                                 Civil Action No. 17-CV-13777

vs.                                         HON. BERNARD A. FRIEDMAN

LORI GIDLEY,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner is a Michigan prisoner who pled guilty in Antrim County Circuit Court to operating/maintaining a lab involving methamphetamine, in violation of Mich. Comp. Laws § 333.7401c(2)(f).  In 2016, petitioner was sentenced to five to twenty years of imprisonment.  In his petition, he raises claims concerning the validity of his plea and the effectiveness of defense counsel.  For the reasons set forth below, the Court shall deny the instant habeas petition.  The Court shall also deny a certificate of appealability and leave to proceed on appeal in forma pauperis.

## I.      Background

Petitioner's conviction arises from an incident in which he was pulled over by the police, who discovered materials for manufacturing methamphetamine and "one pot" of methamphetamine in his car.  On March 21, 2016, petitioner pled guilty to operating/maintaining a lab involving methamphetamine, a felony with a twenty-year maximum sentence, in exchange for the dismissal of two possible sentencing enhancements that petitioner had been charged with

in the felony information:  (1) a second drug offense under Mich. Comp. Laws § 333.7413(2), which would subject him to a forty-year maximum sentence; and (2) a fourth habitual offender under Mich. Comp. Laws § 769.12, which would subject him to a maximum sentence of life imprisonment.  On April 18, 2016, the trial court sentenced petitioner to five to twenty years of imprisonment pursuant to the plea agreement.

Following sentencing, petitioner moved to withdraw his guilty plea.  He argued that his plea agreement was illusory because both sentencing enhancements could not be applied to his sentence and that defense counsel was ineffective by failing to sufficiently investigate his case, obtain discovery, await lab results, and advise him about the plea agreement.  On December 8, 2016, the trial court conducted a hearing and denied petitioner's motion.  Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals essentially raising the same claims and seeking a remand for an evidentiary hearing.  The court denied the application "for lack of merit in the grounds presented."  *People v. Bullock*, No. 336204 (Mich. Ct. App. Mar. 7, 2017).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied "because we are not persuaded that the questions presented should be reviewed by this Court."  *People v. Bullock*, No. 155666 (Mich. Sept. 12, 2017).

Petitioner thereafter filed his federal habeas petition, as amended, raising the following claims as grounds for relief:

> I.     The trial court abused its discretion in denying petitioner's motion to withdraw the guilty plea where the plea bargain was illusory, and in denying a hearing on the effectiveness of counsel where petitioner averred counsel failed to investigate the case, obtain discovery and lab results, and reversal/remand is required.
>
> Amendment:  Petitioner received ineffective assistance of counsel during the plea-bargaining process as a result of his trial counsel's failure to inform him that he could not be sentenced as a habitual

fourth under MCL 769.11(1)(c); and that he would not have entered the guilty plea had he known that he was not facing a life sentence.

II.    The petitioner was subjected to ineffective assistance of counsel and the trial court erred in denying him a Ginther [evidentiary] hearing to establish[] said ineffectiveness.

Respondent has filed an answer to the petition arguing that it should be denied for lack of merit, and petitioner has filed a reply.

## II.    Standard of Review

Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A]

3

state court's determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*

*Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III.   Discussion

### A.   Illusory Plea Agreement Claim

Petitioner first argues that he is entitled to habeas relief because the trial court erred

in denying his motion to withdraw his plea on the basis that the plea agreement was illusory.

Petitioner raised this claim on direct appeal.  The Michigan Court of Appeals denied leave to

appeal for lack of merit in the grounds presented, and the Michigan Supreme Court denied leave

to appeal in a standard order.  The state courts' denial of relief is neither contrary to Supreme Court

precedent nor an unreasonable application of clearly established federal law.

To the extent petitioner asserts that the trial court erred in denying his motion to

withdraw his plea, he is not entitled to relief.  Such a claim is not cognizable on habeas review

because

> [a] state defendant has no constitutionally guaranteed right to withdraw a
> guilty plea.  *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989).  The only
> constitutional challenge that a habeas court may entertain with regard to a
> plea of guilty is that the plea was not entered in a knowing and voluntary
> fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238
> (1969).  A habeas court is restricted to these federal principles, and may not
> grant habeas relief on the basis of state law governing the taking or
> withdrawal of guilty pleas.  *Riggins v. McMackin*, 935 F.2d 790, 794-95
> (6th Cir. 1991).  Consequently, the question whether petitioner should have
> been allowed in the court's discretion to withdraw his guilty plea under state
> court rules is not cognizable on habeas corpus review.

*Barnes v. Mich. Dep't of Corr.*, No. 1:17-CV-265, 2018 WL 718570, at *7 (W.D. Mich. Jan. 18,

2018), *report and recommendation adopted*, No. 1:17-CV-265, 2018 WL 1524057 (W.D. Mich.

Mar. 28, 2018).  Therefore, habeas relief is not warranted on the portion of petitioner's claim challenging the trial court's denial of his motion to withdraw his plea.

Petitioner argues that his plea agreement was illusory because he could not be sentenced as a fourth habitual offender and could not be sentenced under both the second drug offender and fourth habitual offender sentencing enhancements.  "An illusory plea bargain is one which offers no real benefit to the defendant."  *Johnson v. Mich. Parole Bd.*, No. 2:11-CV-11674, 2012 WL 6853535, at *12 (E.D. Mich. Dec. 6, 2012) (citing *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000)), *report and recommendation adopted*, No. 11-CV-11674, 2013 WL 147804 (E.D. Mich. Jan. 14, 2013).  "A plea [agreement] is not illusory where the defendant 'received a real, tangible benefit in consideration for the plea [agreement].'"  *Id.* (alterations added) (quoting *Jones v. Prelesnik*, No. 2:08-CV-14126, 2011 WL 1429206, at *8 (E.D. Mich. Apr. 14, 2011)).  In the present case, petitioner received a benefit from his plea agreement:  the prosecutor agreed to dismiss the two sentencing enhancements, thereby reducing petitioner's possible maximum sentence from either forty years or life to twenty years of imprisonment.  Petitioner was then sentenced to five to twenty years of imprisonment.  Petitioner's claim that his plea agreement was illusory fails.  Moreover, while petitioner is correct that he could not be sentenced under both sentencing enhancements, his argument regarding the application of the fourth habitual offender sentencing enhancement lacks merit, as discussed below.

Petitioner appears to also argue that his plea was not made voluntarily.  A guilty plea that is entered in state court must be made voluntarily and intelligently.  *See Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)).  "A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea."  *Mack v. Berghuis*, No. 2:08-CV-13204, 2010 WL

4916720, at *3 (E.D. Mich. Nov. 23, 2010) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). "The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel." *Id.* (citing *Brady*, 397 U.S. at 756). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a habeas petitioner challenges his guilty plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). "On habeas review, a state court's finding that a plea was valid is a factual finding that is entitled to a presumption of correctness." *Marshall v. Napel*, No. 16-2723, 2017 WL 6398016, at *1 (6th Cir. July 14, 2017) (citing *Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008)).

In the present case, the state court record indicates that petitioner's plea was voluntary. Petitioner was forty-four years old at the time of his plea, had no difficulty reading or writing, and had "thoroughly" discussed the charges he was facing with his attorney prior to the hearing. Plea Hr'g Tr. at 3. He had also discussed his constitutional rights with his attorney and had signed a form indicating that he understood the rights he was giving up. *Id.* at 5. He stated that he had a good relationship with his attorney, that she answered all of his questions, and that he was satisfied with her advice. *Id.* at 4, 6. Petitioner stated that he had not consumed alcohol or drugs in the twenty-four hours prior to the hearing and that at the hearing he felt "wide awake and alert." *Id.* at 6. He indicated that he understood that if the court were to accept his plea, his sentencing exposure "would no longer be life or 40 years" and "would be capped at 20 years" because the "more serious enhancements would be dismissed." *Id.* at 4. Petitioner stated that no

other promises had been made to him outside of this agreement, that he was not threatened or coerced in any way, and that he was pleading guilty voluntarily. *Id.* at 4-6. He provided a factual basis for his plea, *id.* at 6-8, and was given the opportunity to ask questions throughout the proceeding but elected not to do so. *Id.* at 5, 8. The court accepted petitioner's guilty plea because "[i]t's evident that you understand your rights. Certainly those have been given up in a knowing, intelligent and voluntary fashion. It is equally evident that the crime was committed and you are at least one of the persons responsible for doing so . . . ." *Id.* at 9. Because petitioner has not shown that his plea was involuntary, he has not shown that the trial court erred in denying his motion to withdraw his plea. Petitioner is therefore not entitled to habeas relief on this claim.

### B.     Ineffective Assistance of Counsel Claims

Petitioner argues that he is entitled to habeas relief because the trial court erred in denying his motion for an evidentiary hearing on the effectiveness of trial counsel. Petitioner argues that counsel was ineffective by (1) failing to investigate his case and obtain discovery and lab results, and (2) misadvising him about the sentencing enhancements. Petitioner raised these arguments on direct appeal, and the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of clearly established federal law.

"To establish a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice." *Plumaj v. Booker*, 33 F. Supp. 3d 897, 907 (E.D. Mich. 2014) (citing *Premo v. Moore*, 562 U.S. 115, 120-22 (2011)), *aff'd*, 629 F. App'x 662 (6th Cir. 2015). As to the first prong, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To do so, a defendant must overcome the

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.  As to the second prong, a defendant challenging counsel's effectiveness with respect to a guilty plea demonstrates that counsel's performance resulted in prejudice by showing "that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted).

To the extent petitioner argues that defense counsel was ineffective by failing to investigate his case, conduct discovery, await lab results, or take any other action prior to his guilty plea, he is not entitled to relief.  This Court has explained:

> An unconditional guilty plea constitutes a waiver of all pre-plea non jurisdictional constitutional deprivations.  *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L.Ed.2d 235 (1973); [s]*ee also U.S. v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008).  Pre-plea claims of ineffective assistance of trial counsel are considered non jurisdictional defects that are waived by a guilty plea.  *See United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001); [s]*ee also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002).

*Medina v. Woods*, No. 2:11-CV-12340, 2013 WL 5423727, at *8 (E.D. Mich. Sept. 26, 2013) (alterations added).  Therefore, petitioner's claim that counsel was ineffective by failing to take certain steps during the pre-plea period is foreclosed by his plea and does not warrant relief.

Petitioner appears to argue that counsel's alleged failure to investigate his case led to his decision to plead guilty.  But petitioner does not show that counsel's investigation was insufficient.    At   the   plea   hearing,   counsel   knew   the   facts   surrounding   petitioner's

methamphetamine charge and that there were additional lab results pending from the Michigan State Police laboratory regarding the contents of the seized product. Plea Hr'g Tr. at 7-8. Petitioner fails to show that additional investigation, discovery, or lab results would have benefitted the defense in such a way that it would have changed the outcome of the proceedings. Petitioner's conclusory allegations regarding prejudice are insufficient to warrant habeas relief on his ineffective assistance of counsel claim. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007).

Petitioner argues that counsel was also ineffective in advising him about the sentencing enhancements. He alleges that counsel erroneously advised him that he faced a life sentence as a fourth habitual offender. Petitioner believes that he faced only a forty-year sentence as a second drug offender and claims that he would not have pled guilty if he was facing a forty-year sentence rather than a life sentence. "The trial court could not have enhanced Petitioner's sentence under the State's habitual offender statute *and* under the State's controlled substances act." *Carrington v. Robinson*, No. 99-CV-76377-DT, 2001 WL 558232, at *6 (E.D. Mich. Mar. 27, 2001) (emphasis in original) (citing *People v. Elmore*, 288 N.W.2d 416, 416-17 (Mich. Ct. App. 1979)); *People v. Fetterley*, 583 N.W.2d 199, 212 (Mich. Ct. App. 1998) ("Where a defendant is subject to sentence enhancement under the controlled substance provisions, the sentence may not be doubly enhanced under the habitual offender provisions."). However, petitioner was charged with both sentencing enhancements, which he did not question or challenge at the plea hearing. A "prosecutor may seek a greater sentence under the Habitual Offender Statute even when a defendant is sentenced under the Public Health Code," Mich. Comp. Laws § 333.1101 et seq. *People v. Wyrick*, 707 N.W.2d 188, 189 (Mich. 2005) (citing *People v. Primer*, 506 N.W.2d 839, 840-41 (Mich. 1993)). And the Michigan Supreme Court "has concluded that a trial court

does not err when it sentences a defendant under the habitual offender statutes, MCL 769.10-12, even when the defendant's subsequent felony is a 'major controlled substance offense' as used in subsections (1)(c) of MCL 769.10-12."[1] *People v. Alexander*, No. 270550, 2007 WL 4404680, at *3 (Mich. Ct. App. Dec. 18, 2007) (citing *Wyrick*, 707 N.W.2d at 189). Therefore, contrary to petitioner's claim, counsel did not misadvise him about facing a potential life sentence because the trial court could have applied the more severe enhancement, even if it could not have applied both.

Further, petitioner fails to show that he was prejudiced by counsel's alleged misconduct. "[W]ith respect to the prejudice prong, it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him." *Parris v. United States*, No. 04-CR-80260, 2009 WL 454630, at *3 (E.D. Mich. Feb. 24, 2009). "[T]he petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted" or "received a shorter sentence if he had pleaded not guilty." *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002). Petitioner does not make this showing. Pursuant to the plea agreement, petitioner's sentencing enhancements were dismissed, and his sentence was capped at twenty years. Even if the fourth habitual offender enhancement did not apply and petitioner faced a maximum forty-year sentence, petitioner has not shown that there was a reasonable chance that he would have received a shorter sentence had he pled not guilty. Thus, petitioner fails to establish that he was prejudiced by counsel's alleged errors and that she was ineffective in advising him about the sentencing enhancements.

---

[1] Subsections (1)(c) provide: "If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code, 1978 PA 368, MCL 333.7401 to 333.7461."

Even if petitioner was misinformed by counsel in some way, he is not entitled to habeas relief. Petitioner is bound by the statements he made at the plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner stated on the record that he had discussed his charges and constitutional rights with his attorney, that she had answered his questions, and that he was satisfied with her advice. Plea Hr'g Tr. at 4-6. A state trial court's proper plea colloquy "cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea." *Ramos*, 170 F.3d at 565 (internal citations omitted). The record shows that the trial court conducted a sufficient colloquy as to the terms of the plea agreement and its consequences. The court told petitioner at the plea hearing that if the court were to accept his plea his "exposure to confinement would no longer be life or 40 years. It would be capped at 20 years." Plea Hr'g Tr. at 4. Petitioner agreed with this statement, and he also agreed with the court that the enhancements would be dismissed. *Id.* Thus, petitioner indicated that he understood the terms of the plea agreement and consequences of his plea. He confirmed that he wanted to plead guilty pursuant to that agreement and that he was pleading guilty voluntarily. Petitioner asked no questions and raised no objections or concerns at the plea hearing.

Lastly, to the extent petitioner argues that the trial court erred in denying his request for an evidentiary hearing on his ineffective assistance of counsel claim, he is not entitled to relief because "there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim." *Lovelace v. Lafler*, No. 2:06-CV-11109, 2014 WL 821306, at *4 (E.D. Mich. Mar. 3, 2014). "This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law." *Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, at *18 (E.D. Mich. Mar. 25, 2013) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). "[V]iolations of state law and procedure which do not infringe specific federal

constitutional protections are not cognizable claims under Section 2254." *Hess v. Woods*, No. 2:14-CV-10276, 2016 WL 1046816, at *2 (E.D. Mich. Mar. 16, 2016) (citing *Estelle*, 502 U.S. at 67-68). Habeas relief is therefore not warranted on this claim.

## IV.    Certificate of Appealability

In order to appeal the Court's decision, petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, petitioner "must make a substantial showing of the denial of a constitutional right," which "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citation and quotation marks omitted). A federal district court may grant or deny a certificate of appealability when it issues a ruling on a habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002) (internal citation omitted). In the present case, petitioner does not make the necessary showing. Therefore, the Court shall deny a certificate of appealability. The Court shall also deny petitioner permission to proceed on appeal in forma pauperis because no appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

## V.    Conclusion

For the reasons stated above, the Court concludes that petitioner is not entitled to federal habeas relief on his claims. Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner is denied leave to proceed on appeal in forma pauperis because no appeal could be taken in good faith.  *See* Fed. R. App. P. 24(a).

|  |  |
|---|---|
|  | s/Bernard A. Friedman |
| Dated: May 28, 2020 | Bernard A. Friedman |
| Detroit, Michigan | Senior United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 28, 2020.

|  |  |
|---|---|
| David A. Bullock, 797029 | s/Johnetta M. Curry-Williams |
| Gus Harrison Correctional Facility | Case Manager |
| 2727 E. Beecher Street |  |
| Adrian, MI 49221 |  |